NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VANMARK STRICKLAND, Plaintiff-Appellant, v. AT&T PENSION BENEFIT PLAN, Defendant-Appellee. | No.   18-15336 D.C. No. 3:17-cv-01393-WHA MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted February 10, 2020
San Francisco, California

Before:  COLE,** GOULD, and MURGUIA, Circuit Judges.

Vanmark Strickland retired from his job as a Systems Technician in 2013 as a result of his persistent back pain.  In 2015, Strickland applied and was approved for pension disability benefits under the AT&T Pension Benefit Plan ("the Plan"). The Plan is administered by Sedgwick Claims Management Services, which

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable R. Guy Cole, Jr., United States Chief Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

operates as AT&T Integrated Disability Service Center ("IDSC"). The Plan provides disability benefits to participants so long as those participants remain "Totally Disabled," as the term is defined by the Plan. The Plan delegates discretion to IDSC to interpret the terms of the Plan and provides that IDSC may request information periodically from participants in order to verify their continuing eligibility for benefits.

On December 22, 2015, IDSC asked Strickland to provide updated medical records to confirm his eligibility for benefits by February 15, 2016. In the months that followed, IDSC renewed this request several times and extended the deadline for Strickland to provide the records, but Strickland never sent the relevant documents. Ultimately, the Plan denied Strickland's claim for benefits and subsequent appeal, citing the lack of verifying medical records.

Following the termination of his pension disability benefits, Strickland filed a complaint under the Employee Retirement Income Security Act of 1974 ("ERISA") asserting claims for denial of benefits, breach of contract, intentional infliction of emotional distress, and bad faith. The district court granted summary judgment for the Plan, finding that the Plan delegated IDSC discretion to interpret the Plan's terms and that IDSC had not abused its discretion by denying benefits to Strickland for a lack of verifying medical information. Strickland appealed.

When, as here, a benefits plan delegates discretion to a plan administrator, the

18-15336

administrator's decision to grant or deny benefits is reviewed for an abuse of discretion. *See, e.g.*, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) (en banc). A plan administrator abuses its discretion when its decision conflicts with the plain language of the plan or it renders a decision without any explanation. *Johnson v. Trs. of W. Conference of Teamsters Pension Tr. Fund*, 879 F.2d 651, 654 (9th Cir. 1989).

Strickland first contends that the Plan's denial of benefits should not be reviewed for an abuse of discretion because it is possible that IDSC had a conflict of interest in administering the Plan. However, Strickland concedes that IDSC does not pay claims from its own funds and thus does not have a structural conflict of interest. He instead seeks discovery to ascertain whether some other conflict exists. "[I]n general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion . . . [but] [t]he district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Abatie*, 458 F.3d at 970. Here, the district court did not abuse its discretion in denying Strickland the opportunity to conduct open-ended discovery in search of a non-structural conflict of interest when he offered no reason to believe that discovery would reveal that one existed. Strickland does not raise any other valid basis to depart from the abuse-of-discretion standard.

3                                                                18-15336

In arguing that IDSC abused its discretion, Strickland contends that his healthcare provider was at fault for not providing his medical records and that the Plan should have assisted him in obtaining the records. But no provision of the Plan, law, or precedent requires the Plan to assist in obtaining medical records. Strickland also does not provide a legal basis for excusing the lack of medical records by blaming his healthcare provider, especially in a case where the plan administrator kept the claimant informed of the status of the medical records request and offered to extend deadlines to allow for more time to obtain the records.

Strickland also argues that the Plan abused its discretion by reaching a decision contrary to that of the Social Security Administration ("SSA"), which awarded Strickland benefits. It is true that reaching a different conclusion than the SSA without offering an explanation for doing so may provide a basis to find an abuse of discretion. *See Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 635 (9th Cir. 2009). However, plan administrators are not bound by Social Security decisions. *Id.* In this case, the lack of medical evidence provided the Plan with an appropriate basis to reach a different conclusion than the SSA.

Finally, Strickland argues that the Plan should have granted benefits even in the absence of verifying medical information and that it should have considered information he provided after his claim and subsequent appeal were denied. These arguments lack support in the law or the record. In fact, we have previously held

that "a district court should not take additional evidence merely because someone at a later time comes up with new evidence that was not presented to the plan administrator." *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995). Accordingly, IDSC did not abuse its discretion when it terminated Strickland's benefits under the Plan.

**AFFIRMED**.